IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PEAK INTERESTS, LLC,          )<br>                                             )<br>            Plaintiff,              )<br>                                             )<br>    vs.                                    )<br>                                             )<br>TARA HILLS VILLAS, INC.,  )<br>                                             )<br>            Defendant.         ) | 8:06CV747<br><br>ORDER |

     This matter is before the court on defendant's MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND FOR EXPENSES [60] and defendant's SECOND MOTION TO AMEND DEADLINE TO FILE DISCOVERY MOTIONS [62]. Counsel have complied with NECivR 7.1(i).

     Defendant requests that the plaintiff be compelled to respond to defendant's Third Set of Interrogatories, defendant's Third Set of Requests for Production of Documents, and defendant's request pursuant to Fed. R. Civ. P. 34(a) to inspect a laptop computer owned by an officer of the plaintiff, Mr. Joseph M. Aragon. Plaintiff's attorney, on several occasions, advised defense counsel that responses to the interrogatories and document requests were forthcoming; however, no responses were received as of September 27, 2007, causing defendant to file the pending Motion to Compel.

     Regarding the Rule 34(a) request, plaintiff objected to producing the computer itself because it contained confidential or proprietary information not relevant to this lawsuit. The defendant did promise to "provide all requested data, in the electronic format in which it was created" to the defendant. *See* Doc. [52].

     On October 5, 2007, plaintiff filed a response [72] to the Motion to Compel stating that responses to defendant's interrogatories were being served "contemporaneously." The response does not address the defendant's Third Set of Requests for Production of Documents, and the record does not otherwise show that responses to the document requests were ever served.

     As for the laptop computer, plaintiff now advises the court that "Peak has attempted through the use of a qualified, experienced computer consultant to retrieve the information requested by [defendant]. It has been unsuccessful. The information requested simply is not accessible." Doc. 72 at p.2. In this regard, plaintiff states that "[a] report or affidavit from a qualified computer consultant indicating that attempts to retrieve the data requested have been unsuccessful will [] be provided on October 8, 2007." Doc. 72 at p.1. As of October 11, 2007, the record does not independently reflect that any such document was ever served.

     Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be

awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, a party may not avoid sanctions merely by serving responses after a motion to compel has been filed. *See Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)).

Considering the parties' submissions, the court finds that defendant's motions should be granted and that the defendant should be awarded its reasonable costs and attorney's fees incurred in attempting to obtain discovery from the plaintiff.

**IT IS ORDERED** that defendant's Motion to Compel [60] is granted, as follows:

1. If it has not already done so, plaintiff shall immediately produce all information responsive to defendant's Third Set of Interrogatories and defendant's Third Set of Requests for Production of Documents.

2. Plaintiff shall, upon request, immediately deliver the laptop computer identified in defendant's Rule 34(a) request to defense counsel for physical inspection by a neutral third party, and for purposes of inspecting and copying the electronic information requested by the defendant. **Access to any non-responsive information retrieved from this computer shall be restricted to counsel of record, their experts, and necessary support staff.**

3. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), defendant is given leave to file a Motion for attorney's fees, together with an affidavit attesting to the time and expenses incurred in preparing the instant motion to compel. Said motion shall be filed as soon as is practicable.

**IT IS FURTHER ORDERED** that defendant's SECOND MOTION TO AMEND DEADLINE TO FILE DISCOVERY MOTIONS [62] is granted. Any necessary discovery motions shall be filed as soon as is practicable.

**DATED October 11, 2007.**

                                                    **BY THE COURT:**

                                                    **s/ F.A. Gossett**
                                                    **United States Magistrate Judge**