IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PEAK INTERESTS, L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TARA HILLS VILLAS, Inc., a Nebraska Corporation,<br><br>Defendant. | CASE NO. 8:06CV747<br><br>MEMORANDUM<br>AND ORDER |

Before the Court are the Defendant's Motion to Strike Plaintiff's Disclosure of Rebuttal Expert Witness and Motion in Limine pursuant to Fed. R. Civ. P. 37(c)(1) (Filing No. 67) and the Plaintiff's Demand for a Jury Trial.[1]

**Motion to Strike Rebuttal Expert Witness**

This Court's Order Setting Final Schedule for Progression of Case provided that the Plaintiff "shall, as soon as practicable but not later than June 27, 2007, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence." (Filing No. 28, ¶ 3.) Additionally, the Order granted the Plaintiff until August 31, 2007, to disclose rebuttal experts. (*Id.*)

On August 8, 2007, the Court granted the parties' Stipulated Motion to Extend Expert Disclosure Deadlines, providing the Plaintiff until September 24, 2007, to serve the Defendant with notice of Rule 26(a)(2) rebuttal experts. (Filing No. 39.) On or about

---

[1] While the Plaintiff did not file a separate motion for jury trial, the Court notes that the Plaintiff demanded a jury as part of its Complaint and that the matter was discussed at the Joint Pretrial Conference and as a result the Court requested briefing on the matter.

August 10, 2007, the Defendant timely served notice of its expert witness, Martin J. Giff, who is expected to testify regarding the fair market rental value of the property.[2] The Defendant's disclosure also listed Mark Stursma, Planning Director for the City of Papillion, as a person who had not been retained or specifically employed as an expert witness. (Filing No. 44.) The Defendant indicated that it expected that Mr. Stursma would testify that the subject property is currently a legal non-conforming use property, and that a sale under the option contract would be in violation of applicable state statutes, city ordinances or regulations. (*Id.*)

On September 21, 2007, the Plaintiff served the Defendant with its Disclosure of Rebuttal Expert Witness and identified, for the first time, its intention to call Joe Dizona, Jr., of Real Property Appraisals as an expert witness. (Filing No. 69, Affidavit of Donald J. Kleine, Exhibit 3.) The Plaintiff indicated that Mr. Dizona "may be called in rebuttal to testify with respect to the fair market value of the subject property if the Defendant puts on evidence or argument that the option purchase cannot be specifically performed." (*Id.* p. 1.) While the Disclosure indicates that Mr. Dizona considered the expert report of Martin J. Giff, Mr. Dizona's report is limited to assessing the fair market value of the Property, not the fair market *rental* value which the Defendant is seeking as part of its counterclaim.

Federal Rule of Civil Procedure 37(c)(1) provides in relevant part:

Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[2] The Defendant also disclosed Pat LeClair as an expert on postage meters.

Fed. R. Civ. P. 37(c)(1). Rule 16 gives the district court the authority to set management deadlines and to impose sanctions for their violation. Fed.R.Civ.P. 16(b), (c)(5)-(7), (f). The rules, thus, permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). *See also Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1991).

"The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (*citing United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir.2005); *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir.1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case")). As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent and not to establish a case-in-chief. *Marmo*, 457 F.3d at 759, *(citing Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir.1991) ( "Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief")).

In this case, the Plaintiff's failure to disclose its expert witness in a timely manner was neither harmless nor substantially justified. In its Amended Answer to Complaint and Counterclaim filed June 15, 2007, the Defendant listed as an Affirmative Defense that a sale of the Property would result in an illegal subdivision under Nebraska law, violate applicable municipal zoning codes, and result in violations of applicable Nebraska Revised Statutes, and City Ordinances and Regulations. (Filing No. 29, Amended Answer and Counterclaim, ¶¶ 21(a), 21(b) and 22.) Further, Count II of the Counterclaim requests that

3

the Court declare the Option to Purchase invalid, null and void because the sale of the property would result in violations of Nebraska Revised Statutes, County, and City ordinances and regulations.  (*Id.* ¶ 23.)  The Plaintiff knew as early as June 15, 2007, that the Defendant was alleging that specific performance was not a viable remedy.  However, the Plaintiff did not name an expert regarding breach-of-contract damages prior to the June 27, 2007, deadline, nor did it request an extension of time in which to name an expert witness.

The Plaintiff attempts to argue that it did not know until the Defendant filed its Rule 26(a)(2) Disclosures that the Defendant would seek to introduce evidence that specific performance is not an available remedy in this case and that Mr. Stursma was a "new, unanticipated" witness.  (Filing No. 75, Plaintiff's Brief in Opposition to Defendant's Motion to Strike and Motion in Limine, p. 3.)   To suggest that Mr. Stursma is a surprise witness, the Plaintiff refers to Defendant's Interrogatory Answers, served on July 11, 2007, in which the Defendant objected based on work product doctrine to an Interrogatory requesting the Defendant to "Identify each applicable statute, ordinance or regulation you contend would be violated as a result of the sale of the Property to Peak."  (Filing No. 75, Exhibit A, Interrog. 4.)

However, in response to Interrogatory No. 3, "Identify each person who has informed you that a sale of the Property to Peak would result in violations of applicable statutes, ordinances or regulations, and as to each person set forth what information was provided to you," the Defendant responded, "Mark Stursma, Planning Director for the City of Papillion, states that the subject property currently exists as legal non-conforming use

4

property, and therefore, sale of said Property would be in violation of applicable statutes, ordinances or regulations." (*Id.*)

The Plaintiff contends that Joe Dizona is only a rebuttal witness. (Filing No. 69, p. 1; Filing No. 75 p. 2.) However his expert opinion regarding the fair market value of the Property does not rebut any of the opinions offered by the Defendant's experts, but instead advances a new theory of recovery by the Plaintiff.

The Court concludes that Mr. Dizona will not be permitted to testify. Mr. Dizona's written opinion is limited to assessing the fair market value of the Property for breach-of-contract damages. He does not offer an opinion regarding the fair market rental value of the Property to rebut the testimony of Mr. Giff, nor an opinion regarding whether the Property could be sold without violating applicable state statutes, city ordinances or regulations to rebut the testimony of Mr. Stursma. Consequently, there has been no showing that Mr. Dizona's opinion is proper expert rebuttal testimony. The Defendant's Motion to Strike and Motion in Limine will be granted.

**Trial by Jury**

The Plaintiff in its Complaint requested a jury in this matter. (Filing No. 1.) At the Pre-Trial Conference, it became clear that the parties disputed whether the Plaintiff is entitled to a trial by jury. The parties submitted briefs on the matter at the Court's request. (Filings No. 90 and 93.) After a review of the briefs and applicable law, I conclude that a jury will be called and all questions of fact appropriate for the jury's determination will be submitted to the jury. See Fed. R. Civ. P. 38 and 39.

IT IS ORDERED:

1.  The Defendant's Motion to Strike Plaintiff's Disclosure of Rebuttal Expert Witness and Motion in Limine Pursuant to Fed. R. Civ. P. 37(c)(1) (Filing No. 67) is granted; and

2.  The Plaintiff's Demand for a Jury Trial is granted.

DATED this 5th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge